WESTERN NEW YORK & PENNSYLVANIA RAILWAY COMPANY et al., Respondents, v. CITY OF BUFFALO, Appellant.— Judgment affirmed, with costs. All concur, except Dowling, J., who dissents and votes for reversal and for entry of judgment in the following memorandum: Where, as here, contracts fix no time for their duration, any party may terminate the contracts at his option by giving

reasonable notice of such intention. The defendant gave such notice in this case. (See *Risley* v. *City of Utica*, 179 F. 875, 888, and authorities cited.) Contracts, however express, cannot fetter the constitutional authority of the Legislature of this State. The contracts here dealt with a subject matter which lay within the control of the State Legislature, hence they have a " congenital infirmity ". " Parties cannot remove their transactions from the reach of dominant constitutional power by making contracts about them. [Citing authority.] " (*Norman* v. *B. & O. R. Co.*, 294 U. S. 240, 308-309, affg. *sub nom. Norman* v. *Baltimore & Ohio R. R. Co.*, 265 N. Y. 37.) When the Legislature extended the provision of section 99 of the Railroad Law to include Buffalo by chapter 889 of the Laws of 1937 it terminated the liability of the city of Buffalo under the contracts from the effective date of that act, June 4, 1937. The judgment appealed from should be reversed and judgment entered in favor of the defendant declaring the contracts terminated as of June 4, 1937. (The judgement is for plaintiffs in an action for declaration of the obligations of the parties under certain contracts.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.